IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR.,

        Plaintiff,

    v.

CINDY HARDING, et al.,

        Defendants.

OPINION AND ORDER

12-cv-559-wmc

---

Pursuant to 42 U.S.C. § 1983, state inmate Jeffrey M. Davis, Jr., filed this action alleging that defendants acted with deliberate indifference to his mental health needs while he was in custody at the Wisconsin Resource Center. More specifically, all of the allegations in his original complaint concern the failure of prison officials to take reasonable measures to stop him from harming himself. Davis also alleges that the actions of many of the defendants constitute negligence under state law. The defendants have since filed a motion for summary judgment on all of the claims raised in this original complaint, although they concede that a genuine issue of material fact appears to remain regarding Davis's claims against one of the defendants, Cindy Harding. This order addresses Davis's motion to defer ruling on the defendants' motion for summary judgment for the purpose of pursuing additional discovery pursuant to Fed. R. Civ. P. 56(d). (Dkt. # 144). The court will also address two supplemental complaints filed by Davis and his request for leave to pursue those unrelated claims in this case. (Dkts. # 47, # 53). For the reasons explained below, all of these motions will be denied.

I.  Davis's Motion for a Stay to Conduct Discovery

Pursuant to Fed. R. Civ. P. 56(d), Davis moves to stay a ruling on the summary judgment motion to undertake additional discovery of the names of other inmates treated for mental issues at the Wisconsin Resource Center and to request affidavits from them in support of his claims. Davis provides no details about what these other inmates would say or how this information pertains to his particular claim. At most, such evidence might go to establishing that defendants acted with respect to Davis in accordance with a pattern or routine practice pursuant to Fed. Evid. R. 406. Given the confidentiality rules with respect to individual inmates' mental health records and the need to show a sufficiently similar set of circumstances to make the treatment of other inmate's sufficiently relevant to plaintiff's treatment, this line of discovery seems like an unlikely fishing expedition.

Regardless, this mere possibility is insufficient to demonstrate that a stay is warranted under Rule 56(d). *See Prestwick Capital Mgmt., Ltd. v. Peregrine Fin. Group, Inc.*, 727 F.3d 646, 663-64 (7th Cir. 2013); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (noting that, like all other parties, *pro se* litigants who request a stay under Fed. R. Civ. P. 56(d), formerly Rule 56(f), are expected to identify facts that would preclude summary judgment). Here, Davis must ultimately oppose summary judgment based on what happened to him *specifically*. Any proof of habit or pattern would be relevant in determining his veracity at trial, not to whether there is a disputed issue of fact for trial.

The court notes that Davis has already filed a response to defendants' summary judgment motion. Because he does not demonstrate how this additional discovery could or would create a genuine issue of material of fact where his claims are concerned, his motion for additional time to conduct discovery (dkt. # 144) will be denied.

II.     Davis's Motion to Pursue Supplemental Claims in this Case

The record reflects that the magistrate judge gave Davis permission to file a supplemental complaint raising claims of deliberate indifference against a different set of prison officials at a different prison facility (the Columbia Correctional Institution), where Davis is presently in custody. Davis responded by filing a proposed supplemental complaint that raises new claims of deliberate indifference against twenty individuals and four John Doe officers at CCI. (Dkt. # 47). Davis then filed a second supplemental complaint raising new claims against three other prison officials at CCI. (Dkt. # 53). Davis requests leave to pursue both of his supplemental complaints in this case alongside the original complaint.

Before Davis may proceed with these new claims, the court is required by the Prison Litigation Reform Act ("PLRA") to screen each one and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who by law is immune from such relief. *See* 28 U.S.C. § 1915A. Because defendants have already joined issue with the claims in his original complaint, allowing an amendment at this stage of the litigation would be impractical and inefficient, particularly in a case such as this one, which already includes 18

defendants and multiple incidents of self-harm at a facility other than CCI.

A district court has broad discretion to deny a motion for leave to amend a complaint if allowing the amendment would unnecessarily delay the case or prejudice the parties. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F.3d 750, 759 (7th Cir. 2002). Because allowing an amendment in this already unwieldy case would do both, Davis's motion for leave to pursue his supplemental claims in this case will be denied.

Moreover, the federal pleading rules do not allow joinder of claims against multiple defendants in this manner. A plaintiff may only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). As a corollary, a plaintiff is only allowed the joinder of several defendants if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a).

While Davis's supplemental complaints assert claims of deliberate indifference, his new proposed claims neither involve a single transaction nor contain common questions of law or fact common to *all* of the defendants identified by Davis. The Seventh Circuit has emphasized that "unrelated claims against different defendants belong in different suits" and that federal joinder rules apply to prisoners just as to other litigants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As such, the federal pleading rules found in Fed. R. Civ. P. 18(a) and 20(a) preclude joinder here.

Because the claims presented in the supplemental complaints are unrelated to the incidents at issue in his original complaint, the court will sever these instruments and

instruct the clerk's office to re-file them under separate case numbers so that each one can be screened accordingly under 28 U.S.C. § 1915A. Because the PLRA governs each case filed by a prisoner, Davis will be required to file a motion for leave to proceed *in forma pauperis* as to each newly assigned case, together with a certified copy of his inmate trust fund account statement for the past six months.

ORDER

IT IS ORDERED that:

1. The motion by plaintiff Jeffrey M. Davis Jr. to defer ruling on defendants' motion for summary judgment (Dkt. # 144) is DENIED.

2. Davis's request for leave to pursue his proposed supplemental complaints (Dkts. # 47, # 53) in this case is also DENIED.

3. Each of Davis's proposed supplemental complaints (Dkts. # 47, # 53) is SEVERED from this case. The clerk's office is directed to re-file each of the proposed supplemental pleadings, along with a copy of this order, as separate, new civil actions so that each one can be screened accordingly under 28 U.S.C. § 1915A.

4. The new case numbers assigned are 13-cv-842-wmc and 13-cv-843-wmc. Within **twenty (20) days** of the date of this order, Davis must file a properly supported motion for leave to proceed *in forma pauperis*, together with a certified copy of his inmate trust fund account statement for the past six months, in each new case. **If Davis fails to comply as directed**,

5

**the cases will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 9th day of December, 2013.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge